1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10                                ----oo0oo----

11

BRADLEY DEHAVEN, LISA DEHAVEN,        NO. CIV. 2:10-3039 WBS DAD

12
            Plaintiffs,
13                                    MEMORANDUM AND ORDER RE:
       v.                             MOTION TO SEVER CLAIMS AGAINST
14                                    DEFENDANTS FIRST AMERICAN
JP MORGAN CHASE BANK, N.A.,           TITLE INSURANCE COMPANY AND
15 individually and as successor      FINANCIAL HOPE FOR THE FUTURE
to CHASE HOME FINANCE, LLC;           AND MOTION FOR JUDGMENT ON THE
16 THE BANK OF NEW YORK MELLON         PLEADINGS
TRUST COMPANY, N.A. F/K/A THE
17 BANK OF NEW YORK TRUST
COMPANY, N.A., AS TRUSTEE FOR
18 CHASE MORTGAGE FINANCE TRUST
SERIES 2007-S4; FIRST AMERICAN
19 TITLE INSURANCE COMPANY dba
FIRST AMERICAN LOANSTAR
20 TRUSTEE SERVICES; FINANCIAL
HOPE FOR AMERICA; and DOES 1
21 through 100, inclusive,

22            Defendants.
_____/
23

24
                                  ----oo0oo----
25

26        Plaintiffs Bradley and Lisa Dehaven filed this lawsuit

27 against defendants JP Morgan Chase Bank, N.A., individually and

28 as successor to Chase Home Finance LLC ("JP Morgan Chase"), The

                                      1

1   Bank of New York Mellon Trust Company, N.A. F/K/A The Bank of New

2   York Trust Company, N.A., as Trustee for Chase Mortgage Finance

3   Trust Series 2007-S4 ("Mellon"), First American Title Insurance

4   Company dba First American Loanstar Trustee Services ("First

5   American"), and Financial Hope for America ("Financial Hope")

6   claiming wrongful foreclosure, intentional misrepresentation,

7   intentional concealment, fraud, negligent misrepresentation,

8   breach of fiduciary duty, and unlawful business practices in

9   connection with the foreclosure on plaintiffs' residence located

10  at 5015 Stirling Street, Granite Bay, California ("Stirling

11  residence").  Currently before the court are JP Morgan Chase's

12  motions to sever claims brought in plaintiffs' Second Amended

13  Complaint ("SAC") against Financial Hope and First American and

14  for judgment on the pleadings.[1]

15      I.   Factual and Procedural Background

16          In March 2007, plaintiffs obtained a refinance loan

17  ("Subject Loan") on the Stirling residence through lender JP

18  Morgan Chase.  (Id. ¶ 24.)  The Subject Loan's original servicer

19  was Chase Home Finance LLC ("Chase Home"), who merged into JP

20  Morgan Chase in 2011.  (Ans. to SAC ¶ 4.)  JP Morgan Chase is the

21  successor to Chase Home.  (Id.)  A deed of trust was recorded

22  March 30, 2007, naming Financial Title Company as trustee and JP

23  Morgan Chase as beneficiary.  (SAC ¶ 17, Ex. A.)

24          JP Morgan Chase securitized the Subject Loan and pooled

25  it into the Chase Mortgage Finance Trust Series 2007-S4 in May

26  _____

27      [1]   Defendants Mellon, First American, and Financial Hope
    have not joined in these motions.  It is not clear that they have
28  been served and none of these defendants have filed answers in
    this case.

2

2007.  (Id. ¶¶ 49-50.)  Mellon is the trustee of Trust Series
2007-S4.  (Id. ¶ 50.)

In January 2009, plaintiffs were experiencing financial
difficulties, (id. ¶ 26), and called Chase Home to discuss
modifications to the Subject Loan, (id. ¶ 28).  They were told by
several representatives that Chase Home could not modify the
Subject Loan until plaintiffs missed three mortgage payments.
(Id. ¶¶ 32-33.)  Plaintiffs stopped making mortgage payments in
February 2009 and submitted the materials required to apply for a
loan modification.  (Id. ¶¶ 35-36.)

After missing three mortgage payments, plaintiffs
contacted Chase Home in April 2009 to inquire as to the status of
their loan modification application and were told that the
application was actively in review.  (Id. ¶¶ 62, 65.)  Plaintiffs
were told the same thing in May 2009.  (Id. ¶ 65.)

A Notice of Default of the Subject Loan was recorded
May 19, 2009.  (Id. ¶ 67.)  When plaintiffs contacted Chase Home
after the notice of default was recorded, Chase Home told them
that their loan was in active review and that the Stirling
residence would not be foreclosed on while the loan was under
review.  (Id. ¶ 69.)  During June and July, plaintiffs remained
in contact with Chase Home and were repeatedly told that their
loan modification application was under active review.  (Id. ¶
73.)  During this period, plaintiffs also began resubmitting the
documents required for their modification application.  (Id. ¶
71.)

On June 22, 2009, a Substitution of Trustee was filed
naming First American as Trustee for the Subject Loan.  (Req. for

3

Judicial Notice in Supp. of Mot. for J. on the Pleadings Ex. 1.)
On July 2, 2009, an Assignment of Deed of Trust was recorded
transferring beneficial interest in the Subject Loan to Mellon.
(SAC ¶ 72.)  On August 26, 2009, a Notice of Trustee's Sale was
recorded.  (Id. ¶ 74.)

According to JP Morgan Chase, Chase Home offered
plaintiffs a forebearance plan in late August 2009 to which
plaintiffs never responded.  (Reardon Decl. ¶ 5, Ex. C.)  Chase
Home then sent plaintiffs a letter confirming their failure to
accept the forebearance agreement by its stated deadline.  (Id. ¶
10, Ex. F)  Plaintiffs deny that they ever received such an offer
or letter.  (SAC ¶ 115.)

Also in August 2009, plaintiffs enlisted Financial Hope
to act for them in continued negotiations with Chase Home.  (Id.
¶¶ 75-77.)  Plaintiffs resubmitted their loan modification
documents and informed Chase Home that Financial Hope was
authorized to negotiate on their behalf.  (Id. ¶¶ 76-77; Ans. to
SAC ¶ 77.)  Plaintiffs claim that they also informed Chase Home
that they wished to be informed directly of any developments
regarding the Subject Loan.  (SAC ¶ 77.)  JP Morgan Chase denies
this allegation.  (Ans. to SAC ¶ 77.)

Plaintiffs claim that Financial Hope remained in
contact with Chase Home on their behalf from October 2009 through
February 2010.  (SAC ¶¶ 81-86.)  During this period, Chase Home
told Financial Hope that the Subject Loan was in review and that
no foreclosure sale would occur while the loan was in review.
(Id.)  On March 3, 2010, Chase Home informed Financial Hope that
the Subject Loan was no longer being considered for modification.

1  (Id. ¶ 89.)  Plaintiffs claim that Financial Hope did not relay
2  this information to them.  (Id. ¶ 92.)

3         The Stirling residence was sold at foreclosure on April
4  14, 2010.  (Id. ¶ 99.)  On April 21, a Trustee's Deed Upon Sale
5  was recorded that vested title in Mellon, as trustee for Chase
6  Mortgage Finance Trust Series 2007-S4.  (Id. ¶ 107; id. Ex. E.)

7         Plaintiffs, on their own behalf and through Financial
8  Hope, contacted Chase Home in an attempt to negotiate a post-sale
9  resolution.  (Id. ¶¶ 108-126.)  These negotiations lasted from
10 April to November of 2010.  (Id.)  During that period, plaintiffs
11 filed for bankruptcy. (Reardon Decl. Ex. J.)

12        On August 4, 2011, Chase Home closed plaintiffs'
13 account and informed plaintiffs that their loan modification was
14 denied.  Plaintiffs filed this lawsuit in federal court on
15 November 10, 2010.  (Docket No. 1.)

16        Plaintiffs' original complaint named only JP Morgan
17 Chase, Chase Home, and Mellon as defendants and claimed that this
18 court had diversity jurisdiction under 28 U.S.C. § 1332.  (Docket
19 No. 1 ¶¶ 4-5, 10.)  The Complaint was amended several times,
20 first adding defendant First American (Docket No. 21 ¶ 5), and
21 later defendant Financial Hope (Docket Nos. 41-42 ¶ 9).  JP
22 Morgan Chase stipulated to the filing of the Second Amended
23 Complaint.  (Docket No. 40.)  At no point have plaintiffs raised
24 any claims other than state law claims.  (See Docket Nos. 1, 21,
25 41-42.)

26        Although plaintiffs and First American are both
27 citizens of California, plaintiff's First Amended Complaint
28 nonetheless claimed diversity jurisdiction.  (Docket No. 21.)

1  After adding Financial Hope, another California citizen,

2  plaintiffs dropped any mention of jurisdiction from their

3  Complaint.  (Docket Nos. 41-42.)  Plaintiffs state that their

4  Second Amended Complaint dropped First American as a named

5  defendant, (Pl.'s Mem. of P. & A. in Opp'n to Chase Defs.' Mot.

6  To Sever Claims at 1), however this is not the case, (Docket Nos.

7  41-42 ¶¶ 9, 130-150).

8       Because joinder of First American and Financial Hope

9  destroys diversity among the parties and thereby divests this

10 court of jurisdiction, JP Morgan Chase moves to sever claims

11 against First American and Financial Hope.  (Docket No. 48.)  JP

12 Morgan Chase also moves for judgment on the pleadings.  (Docket

13 No. 49.)

14    II.  <u>Discussion</u>

15         A.   <u>Claims Against Financial Hope</u>

16         Pursuant to Federal Rule of Civil Procedure 20(a)(2), a

17 plaintiff may seek relief against multiple defendants in one

18 action so long as (1) the plaintiff asserts "a right to relief

19 arising out of the same transaction [or] occurrence and (2) some

20 question of law or fact common to all the [defendants] will arise

21 in the action."  <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1296

22 (9th Cir. 2000); Fed. R. Civ. P. 20(a)(2).  The permissive

23 joinder rule "is to be construed liberally in order to promote

24 trial convenience and to expedite the final determination of

25 disputes, thereby preventing multiple lawsuits."  <u>League to Save</u>

26 <u>Lake Tahoe v. Tahoe Reg'l Planning Agency</u>, 558 F.2d 914, 917 (9th

27 Cir. 1997).

28         Under Rule 20, the terms "same transaction or

occurrence" refer to claims with similar factual backgrounds. Bautista v. Los Angeles Cnty., 216 F.3d 837, 843 (9th Cir. 2000) (citing Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997)). Those terms have also been interpreted as requiring that the claims have a "logical relation." Pena v. McArthur, 889 F. Supp. 403, 405 (E.D. Cal. 1994) (citing Mosley v. Gen. Motors, 497 F.2d 1330, 1333 (8th Cir. 1974)). All of plaintiffs' claims arise out their attempted modification the Subject Loan and share, at least in part, the same factual background. These claims are logically related to each other and arise out of the same transaction or occurrence.

Proper joinder also requires that some common question of fact or law arise in the claims to be joined. Plaintiffs' claims against Financial Hope and JP Morgan Chase involve distinct torts, but there are common questions of fact that will arise in the litigation of claims against both Financial Hope and JP Morgan Chase. For example, resolution of plaintiffs' claim for breach of fiduciary duty against Financial Hope will require a determination of the nature of the relationship between Financial Hope, Chase Home, and plaintiffs. Similar issues will arise in the litigation of plaintiffs' claims against Chase Home.

Under Rule 21 of the Federal Rules of Civil Procedure, even if the two prongs for permissive joinder are satisfied, a court may nonetheless sever certain parties if joinder would not "'comport with the principles of fundamental fairness' or would result in prejudice to either side." Coleman, 232 F.3d at 1296 (citing Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980)). In deciding whether severance is

1  appropriate, relevant factors include possible prejudice to
2  either party, judicial economy, and the reasons the non-moving
3  party joined the claims.  See Desert Empire, 623 F.2d at 1375;
4  Pena, 889 F. Supp. at 407; Coleman, 232 F.3d at 1297.  "A
5  determination on the question of joinder of parties lies within
6  the discretion of the district court."  Wynn v. Nat'l Broad. Co.,
7  Inc., 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002).

8          In Pena, the court severed claims brought by the
9  plaintiff against a motorist he had been in an accident with and
10  the plaintiff's insurance company.  Pena, 889 F. Supp. at 407.
11  The court was concerned that the insurance company would be
12  prejudiced if the jury confused evidence showing the motorist's
13  negligence with evidence of what the insurance company knew or
14  should have known.  Id.  The court also worried that, if the
15  claims remained joined together, evidentiary problems would
16  result as it was likely that the motorist would object to the
17  introduction of evidence the plaintiff would claim was critical
18  to his case against the insurance company.  Id.  In another case
19  where severance was found to be appropriate, the Ninth Circuit
20  upheld a district court's decision to sever plaintiffs' claims in
21  a discrimination case because of the possibility that the
22  defendant would be prejudiced by having all ten plaintiffs
23  testify in one trial.  Coleman, 232 F.3d at 1296.

24          Unlike in Pena, litigating all claims in one proceeding
25  here would not confuse the jury.  Quite the opposite, it would
26  give them a more complete understanding of the relevant facts.
27  It would have the additional benefit of avoiding duplicative
28

8

discovery and litigation.[2]  JP Morgan Chase has also not shown

that any feature of a joint proceeding, such as the evidentiary

concerns in <u>Pena</u> or the repetitive testimony in <u>Coleman</u>, would

prejudice its interests.

JP Morgan Chase has suggested that plaintiffs joined

Financial Hope in an improper attempt to manipulate the choice of

forum in order to delay the proceeding, and that this prejudicial

delay is a reason to sever the claims against Financial Hope.  In

support of this argument, JP Morgan Chase points out that

plaintiffs knew about Financial Hope's role in the attempted loan

modification from the outset of the proceedings.  It is not

enough, however, to merely show that plaintiffs could have joined

Financial Hope at the outset of the litigation.  <u>See</u> <u>O'Shea v.</u>

<u>Epson Am., Inc.</u>, No. CV 09-8063, 2010 WL 4025627, at *4 (C.D.

Cal. Oct. 12, 2010) (citing <u>Howey v. U.S.</u>, 481 F.2d 1187 (9th

Cir. 1973)) ("As the Ninth Circuit has stated, however, the mere

fact that a party could have moved at an earlier time to amend

its complaint [to add an additional defendant] does not by itself

constitute an adequate basis for denying leave to amend.").

Where the non-diverse defendant was "involved in the subject

transaction" and severing claims would result in "two actions

pending--one in state court and one in federal--which arise out

of the same transaction or series of events," a defendant's "own

---

[2]     JP Morgan Chase suggests that allowing claims against
it to proceed while any state court proceedings against Financial
Hope were stayed would promote judicial efficiency as resolution
of plaintiffs' primary claims against it in its favor would
render plaintiffs' claims against Financial Hope moot.  The
problem with this argument is that it presupposes that the claims
against it would in fact be dismissed.

1  suspicions of [a] plaintiff's improper motive" are not enough to

2  require that claims be severed.  Metzger v. Guardian Life Ins.

3  Co., Inc., No. 96-2006, 1996 WL 511638, at *3 (N.D. Cal. Sep. 3,

4  1996).

5       Financial Hope is an appropriately joined party and

6  separate proceedings against JP Morgan Chase and Financial Hope

7  would cause judicial inefficiency.  As neither party would be

8  severely prejudiced by a joint proceeding, the court declines to

9  sever claims against Financial Hope.

10      B.   Jurisdiction

11      The Court "ha[s] an independent obligation to address

12  sua sponte whether [it] has subject-matter jurisdiction."  United

13  States v. So. Cal. Edison Co., 300 F. Supp. 2d 964, 972 (E.D.

14  Cal. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025

15  (9th Cir.1999)).  Plaintiffs bring only state law claims in this

16  action.  The action was filed in this court on the basis of

17  diversity jurisdiction, 28 U.S.C. § 1332, but perfect diversity

18  no longer exists.  See Morris v. Princess Cruises, Inc., 236 F.3d

19  1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. V. Lewis, 519

20  U.S. 61, 68 (1996)).  Accordingly, the court no longer has

21  jurisdiction over this action and must dismiss it for lack of

22  subject matter jurisdiction.

23      IT IS THEREFORE ORDERED that

24      (1) Defendant's motion to sever claims against

25  Financial Hope and First American be, and the same hereby is,

26  DENIED;

27      (2) Plaintiff's Second Amended Complaint be, and the

28  same hereby is, DISMISSED for lack of subject matter

10

1  jurisdiction; and

2          (3) Defendants' motion for judgment on the pleadings is

3  DENIED as moot.

4  DATED:   October 7, 2011

5

6                                                    _____

7  WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11